Tompkins, J.,
delivered the opinion of \he Court.
Grimsley brought hie action of ejectment against White in the Circuit Court of St. Louis county, where judgment being given for White, the defendant, Grimsley took his appeal to this Court.
Grimsley and White, it appears from the facts preserved in the bill of exceptions, were joint purchasers of a lot in the city of St. Louis, bounded on the east by Church or Second street, and on the south by North C street. This lot, extending fifty feet by estimation on Church street, by one hundred and twenty on North C street, at right angles with Church street, was divided betwixt them by deed of partition, executed by each party, containing the usual covenants. Each party took an estate in fee simple in his share. Grimsley’s portion was hounded by North C street on the south, and extended 20 2-100 feet along the Second or Church street to White’s corner. At the close of the deed of partition, and after each had conveyed to the other an estate in fee in his respective portion, comes another provision in the words following, viz: “ II is further covenanted, understood and agreed upon by the parties to these presents, that whereas in the within mentioned allotment or partition, there are three feet and 52-100 of a foot of ground appertaining to Thornton Grimsley, and on which the south end of Joseph White’s house is now erected, and whereas the said Thornton Grimsley has a part of his house erected on North C street; now if at any time hereafter, or as soon hereafter as the corporation of the city of St. Louis, or any other competent authority, shall demand or require from the said Thornton Grimsley the said quantity which ho enjoys on North C street, then on demand of the said Thornton Grimsley, his heirs or assigns, to the said Joseph White, his heirs or assigns, he the said Joseph White, his heirs or assigns, shall without delay abandon or remove from the said three feet and 52-100 of a foot of ground, running, &c., (describing the line between White and Grimsley,) to be possessed and enjoyed by the said Thornton Grimsley, his heirs and and assigns, as herein intended in the part allotted to him by these presents. In witness, &e.
Evidence was given of an ordinance of the corporation authorizing the paving of North C street; and Grimsley was required to remove his fence that stood on that street, hut his house remained uninterrupted.
The Circuit Court, on motion of the defendant, instructed the jury,
*185 First. That the covenants in the deed read in evidence amount to a license to White ’to continue in possession until a demand is made upon Grimsley in the terms of the deed by the corporation of the city or by some competent authority.
Second. That the demand made of Grimsley to remove his fence off the street, is not such a demand as will entitle him to his action. These instructions were excepted to and are now assigned for error. The points arising are,
First. Does the deed of partition authorize White to hold possession till demand made of Grimsley?
Second. Has such demand been made ?
First. It is contended for White that this is an express covenant of Grimsley that White shall keep possession till the demand is made, and a case in 12 East. 179 is cited.
“ In that case the parties covenanted together that one should keep the other’s property for a certain time, and it was held to be a covenant that he should not keep it longer, so that an action of covenant could be maintained for the non-delivery at the end of the time allowed.” In the same manner it may he said, that if A. hire his horse to B. for one month, there is an implied promise that he shall he returned to his owner at the end of that time, and if B. fail to return the horse, A. may have his action of trover or detinue, because B. had no right to retain the horse except under the conjract, and so soon as that contract expired, the right of A. to the use of his horse accrued; and then it become the duty of B. to restore it. The covenant in the case cited from East, was about the hire of a ship, and certainly the right to use the ship accruing by covenant, the action of covenant will lie to recover it at the expiration of the time for which it was hired. But the case here is, that by ohe clause in this covenant, White conveys absolutely one half of the lot to Grimsley, and covenants for quiet enjoyment 5 then Grimsley adds a covenant that White shall hold the other half without disturbance: afterwards comes the covenant of White that he will surrender a certain part of the above premises before conveyed absolutely in fee simple and with a covenant for quiet enjoyment. And it is contended, that as it was the duty of the man who covenanted to pay so much for the hire of a ship for a given time, to restore the ship at the end of that time, so it is the duty of Grims-ley to allow White to hold the land till the happening of the event on which White had covenanted to give possession. We cannot view it in that light. All the right of White had, in the first clause, passed to Grimsley, with a covenant for quiet enjoyment ; and the clause afterwards added, by which he covenants to give possession at a future day, cannot stand with the first clause, by which present possession was given, and must therefore be rejected. See Shepp. Touchstone, p. 88. To allow this clause to stand, we must, as was well contended by the other side, also imply for Grimsley that he will allow White to hold his land till the happening of the event in consideration, that White will then give up what he had before given up, thus by implication extending Grimsley’s covenant beyond his former express covenant. The case being disposed of by the decision of the first point, it becomes unnecessary to decide the second. The judgment of the Circuit Court is reversed, and the cause remanded.